1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON**

8

| | |
|---|---|
| STEPHANIE A. TASHIRO-TOWNLEY AND SCOTT C. TOWNLEY, husband and wife ) ) ) Plaintiffs, ) ) v. ) ) COUNTRYWIDE MORTGAGE COMPANY ) (and its subsidiaries); BAC HOME LOANS; ) MORTGAGE ELECTRONIC ) REGISTRATION SYSTEMS INC.; LITTON ) LOAN SERVICING LLP; BANK OF NEW ) YORK MELLON f/k/a BANK OF NEW ) YORK, TRUSTEE FOR ) CERTIFICATEHOLDERS CWL, INC. 2005- ) 10; And other unknown (at this juncture) ) parties, herein designated as DOES 1 through ) 100 ) ) Defendants, ) ) | Case No. 2:10-cv-01720-JCC<br><br>**DEFENDANTS' BANK OF NEW YORK MELLON, LITTON LOAN SERVICING, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS' MOTION FOR SANCTIONS PURSUANT TO F.R.C.P. 26(g)**<br><br>Hearing Date: February 4, 2011 |

9
10
11
12
13
14
15
16
17
18
19

20

## I.     RELIEF REQUESTED

21
22
23
24
25
26

COMES NOW Defendants The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders CWL, Inc. Asset-Backed Certificates, Series 2005-10 ("Bank of New York," erroneously named in the Complaint), Litton Loan Servicing, LP ("Litton," erroneously named in the Complaint), and Mortgage Electronic Registration Systems, Inc. ("MERS"), collectively "Defendants," and move this court for an order granting sanctions against Plaintiffs pursuant to F.R.C.P. 26(g).

DEFENDANTS' MOTION FOR SANCTIONS
PURSUANT TO F.R.C.P. 26(g) - 1

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## II.   STATEMENT OF THE FACTS

On November 16, 2010, Plaintiffs filed their original Complaint.  *See* Dkt. No. 10.   On December 3, 2010, Plaintiffs appeared at the office of non-party Northwest Trustee Services, Inc. with an alleged subpoena demanding inspection of documents.  *See* Exhibit 1.

On December 8, 2010, the Court set a discovery scheduling conference for February 15, 2011.  *See* Dkt. No. 17.   On January 6, 2011, the Court issued an Order granting Plaintiffs' motion to amend their Complaint.  *See* Dkt. No. 29.   Said Amended Complaint has not been served on Defendants.

On or about January 11, 2011, Plaintiffs served Defendants' counsel with their "First Interrogatories and Requests for Production" to Defendant Bank of New York.  *See* Exhibit 2. Both Plaintiffs signed this demand.

## III.   ISSUE PRESENTED

1.   Whether the Court should grant sanctions against Plaintiffs for improper discovery demands?

## IV.   EVIDENCE RELIED UPON

Defendants respectfully request that the Court consider, in ruling upon this motion:

1.   The argument contained herein, and exhibits attached hereto;

2.   Sworn Declaration of Counsel. *See* Exhibit 3.

## V.   AUTHORITY AND ARGUMENT

### A.   TIMING AND CERTIFICATION OF DISCOVERY

F.R.C.P. 26(d) provides that:

a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

DEFENDANTS' MOTION FOR SANCTIONS
PURSUANT TO F.R.C.P. 26(g) - 2

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Under F.R.C.P. 26(f), the parties "must confer as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."

F.R.C.P. 26(g)(1) states, in relevant part,

[e]very disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed... by the party personally, if unrepresented.... By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:

[…]

(B) with respect to a discovery request, response, or objection, it is:
    (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
    (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
    (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Failure to adhere to this rule without substantial justification requires the Court to impose "an appropriate sanction on the signer," which can include "reasonable expenses, including attorney's fees, caused by the violation." *See* F.R.C.P. 26(g)(3).

**B.    PLAINTIFFS'   INTERROGATORIES   AND   REQUESTS   FOR PRODUCTION ARE NOT PROPOUNDED IN ACCORDANCE WITH COURT RULES**

In this case, Plaintiffs served discovery demands on Defendants' counsel in violation of F.R.C.P. 26(d)(1). Plaintiffs have thus far refused to communicate with Defendants' counsel telephonically; as such, the parties have been unable to confer in advance of the scheduling conference. Moreover, Defendants have not been served with Plaintiffs' Amended Complaint, making any response thereto impracticable.

DEFENDANTS' MOTION FOR SANCTIONS
PURSUANT TO F.R.C.P. 26(g) - 3

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Additionally, Plaintiffs' discovery demands are wholly frivolous and overbroad, in light of the claims presented. Plaintiffs demand everything from the production of an "original blue ink adjustable rate note," to title insurance documents, IRS documents, and various accounting procedures. *See* Exhibit 2. If Plaintiffs' demands did not violate the above-referenced Court Rules, then Defendants would certainly bring a motion for protective order pursuant to F.R.C.P. 26(c).

### C.     THE COURT SHOULD SANCTION PLAINTIFFS

Defendants ask the Court to impose sanctions against Plaintiffs for their improper and untimely discovery demands, which have resulted in the additional time and expense of review and this response. As set forth in the attached Declaration of Counsel, attorneys' fees for said work have been incurred in the amount of $370.50. *See* Exhibit 3.

Additionally, the Court should strike Plaintiffs' "First Interrogatories and Requests for Production," and not require Defendants to answer them. Upon proper service of Plaintiffs' Amended Complaint, Defendants intend to file a dispositive motion pursuant to F.R.C.P. 12(b)(6), and it would be unduly burdensome to require discovery responses prior to consideration of such pleading.

### VI.     CONCLUSION

Plaintiffs have violated F.R.C.P. 26(d)(1) and advanced unwarranted discovery demands on Defendants. Plaintiffs should be held accountable for these willful actions.

//

//

//

///

DEFENDANTS' MOTION FOR SANCTIONS
PURSUANT TO F.R.C.P. 26(g) - 4

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## VII.   PROPOSED ORDER

A proposed order granting the requested ruling accompanies this motion.


DATED this _19th_ day of January, 2011.


ROUTH CRABTREE OLSEN, P.S.


Joshua S. Schaer, WSBA #31491
Attorneys for The Bank of New York
Mellon f/k/a The Bank of New York as
Trustee for the Certificateholders CWL, Inc.
Asset-Backed Certificates, Series 2005-10;
Litton Loan Servicing, LP; and Mortgage
Electronic Registration Systems, Inc.

DEFENDANTS' MOTION FOR SANCTIONS
PURSUANT TO F.R.C.P. 26(g) - 5

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| Western | DISTRICT OF | Washington |

Scott C Townley / Stephanie A Tashiro-Townley

V.

BANK OF NEW YORK MELLON

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  C10-1720

TO:   Northwest Trustee Services
       13555 SE 36th Avenue, #100
       Bellevue, WA 98006

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | |
| | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Stamp all documents certified in Foreclosure File - Written Notice of Default, Transmitted to Beneficiary and Grantor, Evidence of first class mail and certified mail on or before Copy of Process Server, Copy of Advertisements in public journals, newspapers, etc., Certified copy of financial statement, and any other papers in the file for 23639 SE 267th pl. *Maple Valley WA 98038*

| PLACE     Northwest Trustee Services, Inc., 13555 SE 36th Place #100, Bellevue, WA 98006 | DATE AND TIME |
| --- | --- |
| | 12/3/2010 8:30 am |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE  12/3/10 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
23639 SE 267th pl.
Maple Valley WA 98038

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

Exhibit 1
Page 1 of 1

1
2
3
4
5
6
7
8

**THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

9

10  SCOTT C. TOWNLEY                    )
    STEPHANIE A. TASHIRO-              )
11  TOWNLEY                            )   No. C10-1720
                                       )
12         Plaintiffs,                 )
       vs.                             )
13                                     )   PLAINTIFF'S FIRST
                                       )
14  COUNTRYWIDE MORTGAGE               )   INTERROGATORIES AND
    COMPANY (and its                   )
15  subsidiaries); BAC HOME            )   REQUESTS FOR PRODUCTION TO
16  LOANS; MORTGAGE ELECTRONIC         )   DEFENDANT BANK OF NEW YORK
    REGISTRATION SYSTEMS INC.;         )
17  LITTON LOAN SERVICING LLP;         )   MELLON, f/k/a BANK OF NEW
18  BANK OF NEW YORK MELLON,           )   YORK, TRUSTEE FOR
    f/k/a BANK OF NEW YORK,            )
19  TRUSTEE FOR CERTIFICATE            )   CERTIFICATE HOLDERS CWL,
20  HOLDERS CWL, INC., 2005-10;        )   INC., 2005-10
    \                                  )
21  And other unknown (at this         )
22  juncture) parties, herein          )
    designated as DOES 1
23  through 100
24
25         Defendants
26  ─────────────────────────────
27
28
29
30

Scott C. and Stephanie Tashiro-Townley
23639 SE 267ᵗʰ Place,
Maple Valley, WA 98038

Exhibit 2
Page 1 of 17

To: BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK, TRUSTEE FOR CERTIFICATE HOLDERS CWL, INC., 2005-10, by and through Attorney of record Joshua Schaer

COMES NOW Plaintiffs Scott C Townley and Stephanie A Tashiro-Townley (hereinafter "plaintiffs") and hereby propound the following interrogatories and requests for production to be answered by Defendant, BANK OF NEW YORK MELLON f/k/a BANK OF NEW YORK, TRUSTEE FOR CERTIFICATE HOLDERS CWL, INC., 2005-10 under oath, and within thirty (30) days after service.

### INTRODUCTION AND DEFINITIONS

**A.** Identification of Documents, Communications, and Persons.

1.   When asked to identify a document, please do the following, unless you are producing the document and this information is available on the document produced.

(a)   Identify the author;

(b)   Identify the addressee;

(c)   Identify all persons who received copies;

(d)   Identify all persons who currently have copies

(e)   If a responsive document not longer exists or is not available, when was it disposed of, and who disposed of it;

(f)   State the date the document was created;

(g)   State the subject matter of the document

C10-1720 – FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION – BANK OF NEW YORK MELLON

*Page 2 of 17*

Scott C. and Stephanie Tashiro-Townley
23639 SE 267th Place,
Maple Valley, WA 98038

Exhibit 2
Page 2 of 17

1
2
3
4   **B. Claim of Privilege.**

5       If you claim any privilege with respect to any
6   information sought by this or other discovery request,
7   or any part thereof state the nature of the privilege
8   claimed, state in full the basis for the claim of
9   privilege, identify the communication, document, or
10  other item as to which a privilege is claimed, and
11  state the subject matter thereof.    If you claim a
12  privilege with respect to only a portion of a
13  discovery request, please answer those portions of the
14  request for which you do not claim a privilege.

15
16  **C. Definitions.**
17
18  1.   The word "describe" when used in reference to
19  matters of fact means to state every material fact and
20  circumstances specifically and completely (including,
21  but not limited to, date, time, location and the
22  identity of all participants) and whether each such
23  fact or circumstance is stated on knowledge,
24  information, or belief, or is alleged without
25  foundation.
26  2.   The words "document" shall mean any book,
27  pamphlet, periodical, report, letter, memorandum,
28  diary, message, telegram, email, cable, record, study,
29
30

C10-1720 – FIRST INTERROGATORIES AND
REQUEST FOR PRODUCTION – BANK OF NEW
YORK MELLON

Scott C. and Stephanie Tashiro-Townley
23639 SE 267th Place,
Maple Valley, WA 98038

**Page 3$^{\perp}$ of 17$^{\perp}$**

Exhibit 2
Page 3 of 17

chart, picture, drawing, sketch, photograph, index
tape, videotape, or graphic matter however produced or
reproduced.

**D. Duty to supplement requests/documents.**

1. The following requests for production are
continuing and require you, to the extent required by
Cr 26(e), to supplement the production with additional
documents if you, your employer, your fellow
employees, any associates, agents, affiliates, casual
acquaintances, or attorneys gain access to additional
information/documents, which may be responsive to
these requests. In other words, any information or
documents you think of or gain access to or gain
knowledge to/about after submitting responses to the
instant requests or completed document to the
plaintiff then you, your employer, your fellow
employees, any associates, agents, affiliates, casual
acquaintances, or attorneys are obligated to produce
said additions for/to plaintiff.

2. Also, consistent with Washington's
interpretations of discovery, whereas, the spirit and
intent of discovery is that parties should make all
efforts to communicate in said discovery process in
order to avoid court involvement in accessing
discovery, therefore, please contact the plaintiff if
you have any questions regarding the instant discovery

C10-1720 – FIRST INTERROGATORIES AND
REQUEST FOR PRODUCTION - BANK OF NEW
YORK MELLON

Scott C. and Stephanie Tashiro-Townley
23639 SE 267th Place,
Maple Valley, WA 98038

**Page 4 of 17**

Exhibit 2
Page 4 of 17

1  submission as that relates to any confusing
2  perceptions, vagueness, ambiguous, defective, etc.,
3  you believe exists which might delay production of
4  said instant requests.  As such, please feel free to
5  contact the plaintiff promptly with any questions you
6  may have before the expiration of **30 days** (thirty
7  days) from receipt of the instant document.

8  3.   Note: The requests for production of documents is
9  predicated on the reasonable conclusion the Defendant
10 obtains and/or utilizes documents in the normal course
11 of business; albeit, within its day to day activities
12 through managing the said trust (CWL, Inc. Asset-
13 Backed Certificates, Series 2005-10), including all
14 documents regarding the conveyance and insurance of
15 those mortgages; inclusion of mortgages into mortgage
16 pools before Pooling and Servicing Agreement (PSA)
17 close date; any and all documents required by the
18 Securities and Exchange Commission (SEC) and the
19 Office of the Comptroller (OCC) in managing trusts and
20 the mortgage pools within; and any tax documentation
21 filed with the IRS pertaining to taxes paid on
22 proceeds made by the selling of trust.
23

24
25
26 *YOU ARE HEREBY DIRECTED to produce the following*
27 *designated documents, objects, tangible things,*
28 *and/or electronically stored information, etc., in*
29
30

C10 1720 - FIRST INTERROGATORIES AND          Scott C. and Stephanie Tashiro-Townley
REQUEST FOR PRODUCTION - BANK OF NEW          23639 SE 267th Place,
YORK MELLON                                    Maple Valley, WA 98038

*Page 5⅟ of 17⅟*

Exhibit 2
Page 5 of 17

1  *your possession or under your control or access*
2  *regarding the following listed items*:

3

4  **REQUEST FOR PRODUCTION NO. 1**:  Produce the *original*
5  *blue ink* Adjustable Rate Note for the property
   commonly known as: "23639 SE 267[th] Place, Maple Valley,
6  WA 98038" (hereafter designated as "subject
7  property").  This includes copies of the front and
   backsides of the documents/note showing all
8  endorsements and chain of title.

9  RESPONSE:
10
11
12
13
14  **REQUEST FOR PRODUCTION NO. 2**: Produce the original
   Assignment of Mortgage document transferring the
15  Adjustable Rate Note for the subject property from
16  Countrywide to Bank of New York Mellon. Note, if
   properly filed in the King County Recorder office, the
17  document will show the date designating when it was
   filed.
18
19  RESPONSE:
20
21
22
23  **REQUEST FOR PRODUCTION NO. 3**: Produce a certified copy
24  the original Pooling and Servicing Agreement for CWL
   Inc., Asset Backed Certificates, Series 2005-10 from
25  the year 2005, noting claims relevant to the subject
26  property and/or claims against said subject property
   which will contain a valid SEC filing date and number.
27
28
29  RESPONSE:
30

C10-1720 – FIRST INTERROGATORIES AND          Scott C. and Stephanie Tashiro-Townley
REQUEST FOR PRODUCTION – BANK OF NEW          23639 SE 267th Place,
YORK MELLON                                   Maple Valley, WA 98038

*Page 6 of 17*

Exhibit 2
Page 6 of 17

1
2
3
4  **REQUEST FOR PRODUCTION NO. 4**: Produce a certified copy
of the original "Right of Rescission" document
5  allegedly disclosed to Plaintiffs after the transfer
of the Adjustable Rate Note for the subject property
6  stating transfer of loan from Countrywide to Bank of
New York Mellon; including with a sworn affidavit
7  stating who sent it, the date said document was sent
and to whom (the entity and agent's name) said
8  document was sent.
9
RESPONSE:
10
11
12
13
14
15  **REQUEST FOR PRODUCTION NO. 5**: Produce a certified copy
of the original for all extensions and addendums
16  relating to the Pooling and Servicing Agreement for
CWL Inc. Asset Backed Certificates, Series 2005-10
17  from 2005 to current date.
18
RESPONSE:
19
20
21
22  **REQUEST FOR PRODUCTION NO. 6**: Produce all Securities
Exchange Commission (SEC) filings for the Trust CWL
23  Inc. Asset Backed Certificates, Series 2005-10
including but not limited to Forms 8K and 10K from
24  2005 to current with a sworn affidavit by the Bank of
New York Mellon employee responsible for filing all of
25  the SEC filings stating the name of the documents
filed, the date said documents were filed and a brief
26  description of the contents of said documents.
27
28  RESPONSE:
29
30

C10-1720 - FIRST INTERROGATORIES AND      Scott C. and Stephanie Tashiro-Townley
REQUEST FOR PRODUCTION - BANK OF NEW    23639 SE 267th Place,
YORK MELLON                            Maple Valley, WA 98038

*Page 7¹ of 17¹*

Exhibit 2
Page 7 of 17

1

2

3

4

5 **REQUEST FOR PRODUCTION NO. 7**: Produce a certified copy

6 of the original Declaration of Beneficiary document
with a signed sworn affidavit stating when the

7 document was created, name and address it was sent to
and the date it was sent.

8

9 RESPONSE:

10

11

12

13 **REQUEST FOR PRODUCTION NO. 8**: Produce a certified copy

14 of the current lenders; namely, Bank of New York
Mellon's title insurance policy supporting ownership

15 (in due course) of the Adjustable Rate Note regarding

16 the subject property (for your clarification said
"note" is assumed to designate the amount of

17 +$297,000).

18

19 RESPONSE:

20

21

22 **REQUEST FOR PRODUCTION NO. 9**: Produce a certified copy

23 of the servicing agreement between Bank of New York
Mellon and Countrywide (servicing branch) from the

24 year 2005 as said service agreement would relate to

25 the authority the subject property and the contractual
agreement to service said subject property.

26

27

28 RESPONSE:

29

30
C10-1720 – FIRST INTERROGATORIES AND       Scott C. and Stephanie Tashiro-Townley
REQUEST FOR PRODUCTION – BANK OF NEW       23639 SE 267th Place,
YORK MELLON                                 Maple Valley, WA 98038

**Page 8ᴸ of 17ᴸ**

Exhibit 2
Page 8 of 17

1

2

3

4   **REQUEST FOR PRODUCTION NO. 10**: Produce a certified

5   copy of the servicing agreement between Bank of New
York Mellon and Litton Loan Servicing from the year

6   2008 to the present regarding the subject property.

7
RESPONSE:
8

9

10

11

12  **REQUEST FOR PRODUCTION NO. 11**: Produce the original or

13  a certified copy of the original Prospectus for the
trust CWL, Inc., Asset Based Certificates, Series

14  2005-10 and the Pooling and Collateral agreement

15  and/or Servicing Participation Agreement between Bank
of New York Mellon and the following servicers:

16  Countrywide, Litton Loan and/or MERS from 2005 to

17  date.

18

19  RESPONSE:

20

21

22

23  **REQUEST FOR PRODUCTION NO. 12**: Produce the certified

24  copy of the original title insurance policy showing
the coverage and conveyance of ownership of the

25  subject property from Countrywide to Bank of New York
Mellon that shows the full conveyance of the

26  Adjustable Rate Note assumed, including the Indemnity

27  for insurance and the insurance itself from 2005 to

28  the present regarding the subject property.

29

30
C10-1720 - FIRST INTERROGATORIES AND        Scott C. and Stephanie Tashiro-Townley
REQUEST FOR PRODUCTION - BANK OF NEW        23639 SE 267th Place,
YORK MELLON                                 Maple Valley, WA 98038

**_Page 9⊥ of 17⊥_**

Exhibit 2
Page 9 of 17

1  RESPONSE:

2

3

4

5  **REQUEST FOR PRODUCTION. 13:** Produce certified copy of
6  IRS documents, including but not limited to, form 1066
   and IRS documents showing the amount of revenue from
7  sales and interest earned regarding CWL, Inc. Asset-
8  Backed Certificates, Series 2005-10 from 2005 through
   2009 and sworn affidavit by Bank of New York Mellon
9  tax accountant with the dates of submission /
10 transmittal to the IRS and confirmation of receipt
   from IRS of said documents.

11

12 RESPONSE:

13

14

15

16 **INTERROGATORY NO. 1:** Please state the names, addresses
   and contact information for the President, Vice
17 President, and Executive Vice Presidents of Defendant
18 Bank New York Mellon from 2005 to 2010.

19

20 RESPONSE:

21

22

23

24 **REQUEST FOR PRODUCTION NO. 14:** Produce copies all
25 correspondence(s), email(s), offer(s)s, contract(s),
   negotiation(s) between Bank of New York Mellon and
26 Countrywide from July 1, 2005 through December 31,
27 2005, related to the sale/acquisition of the
   Adjustable Rate Note regarding the subject property,
28 for the inclusion in the CWL, Inc. Asset-Backed
29 Certificates, Series 2005-10 mortgage pool by

30

C10-1720 – FIRST INTERROGATORIES AND        Scott C. and Stephanie Tashiro-Townley
REQUEST FOR PRODUCTION - BANK OF NEW        23639 SE 267th Place,
YORK MELLON                                 Maple Valley, WA 98038

*Page 10¹ of 17¹*

Exhibit 2
Page 10 of 17

1  Defendant Bank of New York Mellon from Countrywide
2  Home Loans.

3  RESPONSE:

4

5

6

7  **REQUEST FOR PRODUCTION NO. 15**: Produce a certified
8  copy of the original final contract, including terms
   and conditions of the sale of Adjustable Rate Note for
9  the subject property from Countrywide to Bank of New
10 York Mellon in 2005.

11

12 RESPONSE:

13

14

15

16 **REQUEST FOR PRODUCTION NO. 16**: Produce copies of all
   correspondence(s), email(s), offer(s), contract(s),
17 negotiation(s) between Bank of New York Mellon and
   Litton Loan Servicing from June 2008 to August 2009,
18 related to the Plaintiffs' loan modification and loss
19 mitigation requests regarding loan for subject
20 property.

21

22 RESPONSE:

23

24

25

26 **REQUEST FOR PRODUCTION NO. 17**: Produce copies of all
   correspondence(s), email(s), contract(s), and/or
27 negotiation(s) between Bank of New York Mellon and
   Northwest Trustee regarding the Appointment of
28 Successor Trustee from January 2009 to August 2009
29 regarding the subject property—including any money or

30

C10-1720 – FIRST INTERROGATORIES AND       Scott C. and Stephanie Tashiro-Townley
REQUEST FOR PRODUCTION - BANK OF NEW        23639 SE 267th Place,
YORK MELLON                                 Maple Valley, WA 98038

Exhibit 2
Page 11 of 17

monies having changed hands between the aforementioned entities.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 18**: Produce certified copies of General Accepted Accounting Procedures (GAAP) as regulated by the Office of the Comptroller (OCC) regarding the deposit loan account #109684989, whether interest-bearing and/or non-interest bearing account(s), escrow(s), reserve(s) and suspense account(s) managed by Defendant Bank of New York Mellon as serviced by Countrywide and Litton Loan Servicing during the servicing of the subject property's loan from years 2005 through 2009.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 19:** Produce certified copies of all original documentation and full accounting regarding all monies paid and received at the time of transfer of ownership from Countrywide to Bank of New York Mellon of the Adjustable Rate Note showing "paid in full" for the subject property and, if available, also, the same, but not limited to parties, sources, agreements, and contracts, written or verbal.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 20:** Produce certified copies of all original documentation(s) and full accounting regarding all monies paid and received from

C10-1720 – FIRST INTERROGATORIES AND
REQUEST FOR PRODUCTION – BANK OF NEW
YORK MELLON

**Page 12^1 of 17^1**

Scott C. and Stephanie Tashiro-Townley
23639 SE 267th Place,
Maple Valley, WA 98038

Exhibit 2
Page 12 of 17

1  the point of transfer of ownership of the subject
2  property to Bank of New York Mellon from 2005 through
   2010 not limited to parties, sources, agreements, and
3  contracts, written or verbal.

4
5  RESPONSE:

6
7
8
9  **REQUEST FOR PRODUCTION. 21:** Produce certified copies
   of all original documentation related to the Committee
10 on Uniform Security Identification Procedures (CUSIP)
11 numbers for the Plaintiffs Scott C Townley and
   Stephanie A Tashiro-Townley as regulated by the Office
12 of the Comptroller of the Currency (OCC).

13
14 RESPONSE:

15
16
17
18
19 **REQUEST FOR PRODUCTION NO. 22:** Produce a certified
   copy of the names of investors, individuals, other
20 banks, governments, pension funds that the CWL, Inc.
21 Asset Backed Certificates, Series 2005-10 were sold
   to, the contact information for the "buyers", the
22 revenue generated by each individual "sale" and the
23 date of sale.

24 RESPONSE:

25
26
27
28 **REQUEST FOR PRODUCTION. 23:** Produce a certified copy
29 of GAAP accounting documentation for all monies
30

C10-1720 – FIRST INTERROGATORIES AND        Scott C. and Stephanie Tashiro-Townley
REQUEST FOR PRODUCTION - BANK OF NEW         23639 SE 267th Place,
YORK MELLON                                  Maple Valley, WA 98038

*Page 13¹ of 17¹*

Exhibit 2
Page 13 of 17

1  received for sales of CWL, Inc. Asset Backed
2  Certificates, Series 2005-10 to trust funds, 401K
   retirement funds, etc. with dates of debits and
3  credits, amounts of debits and credits and "Pay to the
4  order of" information.

5  RESPONSE:

6

7

8

9

10  **REQUEST FOR PRODUCTION NO. 24:** Produce a certified
11  copy of the original IRS verification letter stating
    that Bank of New York Mellon is a Real Estate Mortgage
12  Investment Conduit (REMIC) and the Publication 938
13  from 2005-2006 showing Bank of New York Mellon as the
    REMIC for CWL Inc., Asset Backed Certificates, Series
14  2005-10.

15  RESPONSE:

16

17

18  **REQUEST FOR PRODUCTION NO. 25:** Produce the final Title
    Insurance Policy complete with the "Indemnification
19  Endorsement" that was issued as "Pool Insurance" as
    these policies are mandatory coverage(s) for these
20  types of transactions (known as REMIC or REIT's) and
21  that are issued between the Trust (Bank of New York
    Mellon representing the Investor) and the Servicer
22  (Litton Loan) who administers the PSA (Pooling Service
23  Agreement).

24  RESPONSE:

25

26

27

28

29

30

C10-1720 – FIRST INTERROGATORIES AND        Scott C. and Stephanie Tashiro-Townley
REQUEST FOR PRODUCTION – BANK OF NEW        23639 SE 267th Place,
YORK MELLON                                 Maple Valley, WA 98038
**Page 14$^{\perp}$ of 17$^{\perp}$**

Exhibit 2
Page 14 of 17

1   Presented by

2

3

4

Scott C Townley                                    Date

5

6

7

8   &

9

Stephanie Tashiro-Townley                          Date

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

C10-1720 – FIRST INTERROGATORIES AND        Scott C. and Stephanie Tashiro-Townley
REQUEST FOR PRODUCTION – BANK OF NEW         23639 SE 267th Place,
YORK MELLON                                  Maple Valley, WA 98038

**Page 15[1] of 17[1]**

Exhibit 2
Page 15 of 17

1

2                                **DECLARATION**

3

4       I _____am the authorized

5   representative of BANK OF NEW YORK MELLON f/k/a BANK OF

6   NEW YORK, TRUSTEE FOR CERTIFICATE HOLDERS CWL, INC.,

7   2005-10, and declare under penalty of perjury under the

8   laws of the state of Washington that I have read the

9   foregoing answers to the requests for production, know

10  the contents submitted thereof are true and correct

11  certified copies and/or certified originals.  In

12  addition, I know the answers I stated in response to the

13  interrogatories to be true and correct.

14

15

16  Signed by,

17

18

19

20  _____        _____

21                                      Date

22  In the County of _____, state of Washington

23

24

25

26

27

28

29

30
    C10-1720 – FIRST INTERROGATORIES AND          Scott C. and Stephanie Tashiro-Townley
    REQUEST FOR PRODUCTION - BANK OF NEW          23639 SE 267th Place,
    YORK MELLON                                   Maple Valley, WA 98038
            ***Page 16¹ of 17¹***

                                                              Exhibit 2
                                                              Page 16 of 17

1

2

3   I _____swear under

4   oath the documents submitted hereto and/or attached

5   hereto regarding the instant requests for production are

6   true and correct certified copies and/or certified

7   originals and the answers to the interrogatories herein

8   are true and correct.

9

10

11  _____

12

13

14  DATED: _____

15

16  I _____, a Notary

17  Public, certify that I know or have satisfactory

18  evidence showing that _____

19  appeared before me and signed the above statement.

20

21  _____

22  Notary Public

23

24  Seal

25

26

27

28  My commission expires _____

29

30  C10-1720 - FIRST INTERROGATORIES AND        Scott C. and Stephanie Tashiro-Townley
    REQUEST FOR PRODUCTION - BANK OF NEW        23639 SE 267ᵗʰ Place,
    YORK MELLON                                Maple Valley, WA 98038
              *Page 17ᴸ of 17ᴸ*

Exhibit 2
Page 17 of 17

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| STEPHANIE A. TASHIRO-TOWNLEY AND SCOTT C. TOWNLEY, husband and wife<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTRYWIDE MORTGAGE COMPANY (and its subsidiaries); BAC HOME LOANS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.; LITTON LOAN SERVICING LLP; BANK OF NEW YORK MELLON f/k/a BANK OF NEW YORK, TRUSTEE FOR CERTIFICATEHOLDERS CWL, INC. 2005-10; And other unknown (at this juncture) parties, herein designated as DOES 1 through 100<br><br>    Defendants, | Case No. 2:10-cv-01720-JCC<br><br>**DECLARATION OF COUNSEL IN SUPPORT OF DEFENDANTS' BANK OF NEW YORK MELLON, LITTON LOAN SERVICING, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS' MOTION FOR SANCTIONS PURSUANT TO F.R.C.P. 26(g)** |

1.    I am an associate attorney at the law firm of Routh Crabtree Olsen, P.S.  I have personal knowledge of the following facts as being true and correct.

2.    I have reviewed the pleadings filed by Plaintiffs in this case, and the relevant documents related to the non-judicial foreclosure action of the property at issue.

3.    On November 3, 2010, I left a voice mail message for Plaintiffs at 425-413-2367, asking them to contact me about this lawsuit.

DECLARATION OF COUNSEL IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO F.R.C.P. 26(g) - 1

ROUTH CRABTREE OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Exhibit 3
Page 1 of 2

4.      I sent letters to Plaintiffs on November 8, 2010 and November 30, 2010.  *See* Appendix 1.

5.      As Plaintiffs failed to make any attempt to restrain the Trustee's Sale, the property at issue in this case was sold at a non-judicial foreclosure auction on December 3, 2010 to The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2005-10.

6.      I have reviewed the Court's January 6, 2011 Order.  To date, Plaintiffs have failed to serve the Defendants I represent with the Amended Complaint.

7.      On or about January 11, 2011, I received, via U.S. Mail, Plaintiffs' First Interrogatories and Requests for Production.

8.      The time and corresponding attorney's fees for analyzing the aforementioned discovery demand, and filing a Motion for Sanctions is $370.50, itemized as follows:

a) .2 hrs. @ $195/hr.: received discovery demands and brief review with another litigation attorney;

b) .3 hrs. @$195/hr.: reviewed and analyzed contents of discovery demands;

c) 1.4 hrs. @ $195/hr.: drafted Motion for Sanctions, prepared exhibits.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.  This declaration was executed this *19th* day of January, 2011 at Bellevue, Washington.

Joshua S. Schaer, Declarant

DECLARATION OF COUNSEL IN SUPPORT OF
DEFENDANTS' MOTION FOR SANCTIONS
PURSUANT TO F.R.C.P. 26(g) - 2

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Exhibit 3
Page 2 of 2



**ROUTH CRABTREE OLSEN, P.S.**

13555 SE 36th St., Suite 300
Bellevue, WA 98006

Telephone: 425.458.2121
Fax: 425.458.2131
www.rcolegal.com

Joshua Schaer
Attorney
Telephone: 425.457.7810
Fax: 425.974.8680
jschaer@rcolegal.com

November 8, 2010

Stephanie Tashiro-Townley & Scott Townley
23639 Southeast 267th Place
Maple Valley, WA 98038

Dear Mr. and Mrs. Townley:

Please be advised that Routh Crabtree Olsen, P.S. has been hired to represent Litton Loan Servicing LP in the lawsuit you filed with the Western District Court of Washington (Case No. C10-1720).

Currently, the foreclosure action on the above-mentioned property has been placed on hold. For a status update, you may check with my office, or visit www.usa-foreclosure.com, as to whether the property is scheduled for sale.

I would again strongly advise you to consult legal counsel regarding your options. Please forward all future correspondence to my attention. If you have any questions, feel free to contact me directly.

Sincerely,

ROUTH CRABTREE OLSEN, P.S.

By: _Joshua Schaer_____
Joshua Schaer
Attorney at Law

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Exhibit 3 - Appendix 1
Page 1 of 3

Phone: 425-413-2637
Fax: 8664007824



**To: Joshua Schaer**              **From: Stephanie Tashiro-Townley**

**Fax: 4259748680**               **Pages: 4**

**Re: Lis Pendens - Townley**      **Date: November 30, 2010**

Mr. Schaer -
As a courtesy, we are providing you a copy of the Lis Pendens being filed in the County.  Per the RCW, our home must be removed from the auction or if sold, NW Trustee and Routh Crabtree will be facing many violations and will be added to an amended complaint.

Be advised that I have sent a fax with the same information to Winston Khan the NW Trustee employee who signed our Amended Notice of Sale.

Thank you for your swift attention on this important matter.
Scott Townley
Stephanie Tashiro-Townley

23639 SE 287th Place, Maple Valley, WA 98038

Exhibit 3 - Appendix 1
Page 2 of 3



**ROUTH CRABTREE OLSEN, P.S.**

13555 SE 36th St., Suite 300
Bellevue, WA 98006

Telephone: 425.458.2121
Fax: 425.458.2131
www.rcolegal.com

Joshua Schaer
Attorney
Telephone: 425.457.7810
Fax: 425.974.8680
jschaer@rcolegal.com

November 30, 2010

Stephanie Tashiro-Townley & Scott Townley
23639 Southeast 267th Place
Maple Valley, WA 98038

Dear Mr. and Mrs. Townley:

 Please be advised that a lis pendens is not a legally proper means of restraining a trustee's sale. I had previously recommended that you seek counsel, who might have provided relevant expertise concerning the Deed of Trust Act (RCW 61.24). I also asked you to contact me directly to discuss the availability of alternatives to foreclosure.

 However, it appears you have chosen to continue representing yourselves, and you have not been amenable to a productive conversation. Your threats against this firm and the trustee are not well-taken in light of your ineffective attempt to prevent the property sale. Additional claims will be met with responsive motions, and we reserve the right to pursue sanctions, attorneys' fees, or other permissible remedies.

 My letter dated November 8, 2010 was correct – the file was on hold at that time, and you were invited to check back for a status update. Subsequently, the trustee was instructed to proceed again with foreclosure activities. Currently, the sale is scheduled for December 3, 2010. The website usa-foreclosure.com can provide you with information should that date change.

 If you have other questions, feel free to contact me directly.

Sincerely,

ROUTH CRABTREE OLSEN, P.S.

By: Joshua Schaer
Joshua Schaer
Attorney at Law

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Exhibit 3 - Appendix 1
Page 3 of 3