THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEPHANIE A TASHIRO-TOWNLEY
and SCOTT C. TOWNLEY,

                Plaintiffs,

     v.

BANK OF NEW YORK MELLON, *et al.*,

                Defendants.

CASE NO. C10-1720-JCC

ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS

This matter comes before the Court on Defendants' motion to dismiss (Dkt. No. 158). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

## I.    BACKGROUND

On July 26, 2005, Plaintiffs Scott C. Townley and Stephanie A. Tashiro-Townley executed a promissory note for the purchase of their home, payable to Countrywide Home Loans, as well as a deed of trust. (Dkt. No. 68 at 3.) Plaintiffs were unable to make their monthly payments, and on July 8, 2009, they were in default. (*Id.* at 5.) Shortly afterwards, Mortgage Electronic Registration Services (MERS) executed an assignment of the deed of trust. (*Id.*) Northwest Trustee's Services (NWTS), an agent for Bank of New York (BoNY) and MERS

recorded an amended notice of trustee's sale concerning Plaintiffs' property on September 14, 2010, and it conducted the trustee's sale on December 3, 2010. (*Id.* at 6.)

Plaintiffs filed their original complaint on November 16, 2010 against Defendants BAC Home Loans Servicing f/k/a Countrywide Home Loans, MERS, Litton Loan Servicing LLP, and BoNY, seeking declaratory and injunctive relief and alleging violations of the Washington Consumer Protection Act (WCPA). (Dkt. No. 10.) Plaintiffs brought the action to prevent the trustee's sale of their home, but they did not request restraint of the sale. (*Id.*)

The Court granted Defendant BAC Home Loans Servicing's motion to dismiss on June 29, 2011. (Dkt. No. 85 at 4.) Because Plaintiffs failed to restrain the trustee's sale, all claims unrelated to the WCPA were deemed waived, and because they failed to allege a public interest impact, the WCPA claims were also dismissed. (Dkt. Nos. 86 and 87.) Shortly afterwards, counsel for Plaintiffs withdrew, and Plaintiffs appealed *pro se*. (Dkt. Nos. 88 and 93.) The Ninth Circuit Court of Appeals affirmed this Court's decision to dismiss Plaintiffs' claims for injunctive and declaratory relief, but it remanded the case so that this Court could reevaluate Plaintiffs' WCPA claims in light of the Washington Supreme Court's decision in *Bain v. Metro. Mortgage Grp., Inc.*, 285 P.3d 34 (Wash. 2012) (Dkt. No. 116 at 2). In *Bain*, the Court held that the public interest element of a WCPA claim may be met by alleging that MERS was unfairly or deceptively characterized as the beneficiary of a deed of trust. 285 P.3d 34, 49 (Wash. 2012);

Proceedings at this Court were stayed, however, pending the decision in the Washington Court of Appeals in a similar action brought by the Plaintiffs. (Dkt. Nos. 129 and 142.) The Court of Appeals affirmed the decision of the King County Superior Court, which dismissed or denied all of Plaintiffs' claims for exceeding the scope of the unlawful detainer proceedings.

1   (Dkt. No. 147 at 2–3.) This case was re-opened, and Defendants BoNY and MERS moved to

2   dismiss Plaintiffs' WCPA claims pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. Nos. 152 and 158.)

3   **II.   DISCUSSION**

4      **A.   Legal Standards**

5      A defendant may move for dismissal when a plaintiff "fails to state a claim upon which

6   relief can be granted." Fed. R. Civ. P. 12(b)(6). To grant a motion to dismiss, the court must be

7   able to conclude that the moving party is entitled to judgment as a matter of law, even after

8   accepting all factual allegations in the complaint as true and construed in the light most favorable

9   to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). The plaintiff,

10  however, must cite sufficient facts to support a claim that is "plausible on its face." *Bell Atlantic*

11  *Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim will survive a motion to

12  dismiss when the plaintiff "pleads factual content that allows the court to draw the reasonable

13  inference that defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

14  678 (2009). Thus, although the factual allegations need not be "detailed," the standard requires

15  "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A "formulaic

16  recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545.

17     To prevail under the WCPA, a plaintiff must establish *each* of the following elements:

18  "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest

19  impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge*

20  *Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533–35 (Wash. 1986) (en banc).

21     **B.   Analysis**

22     Because the Ninth Circuit remanded the case to this Court to reconsider Plaintiffs'

23  WCPA claims after the Washington Supreme Court's decision in *Bain*, a brief background on

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS

that case may be helpful. The Washington Supreme Court ruled on three questions of law, certified by this Court. 285 P.3d at 36. First, based on the plain language of the Deed of Trust Act, the court concluded that MERS is not a lawful beneficiary because it never held the promissory note. *Id.* at 47. The court made no decision as to the legal effect of MERS not being a lawful beneficiary. *Id.* at 49. Finally, the court held that a homeowner may have a cause of action under the WCPA if MERS acts as an unlawful beneficiary, depending on whether the homeowner can produce evidence on *each* element of a WCPA claim. *Id.* at 51.

### Unfair or Deceptive Act or Practice

An unfair or deceptive act or practice for the purposes of the WCPA need not necessarily be intended to deceive; it need only have the capacity to deceive a significant portion of the public. *Hangman Ridge*, 719 P.2d 531 at 105 Wash.2d at 535. The Washington Supreme Court ruled in *Bain* that while the characterization of MERS as the beneficiary is not *per se* deceptive, it has the capacity to deceive. *Id.* Because the characterization of MERS as the beneficiary, despite the fact that it is not a lawful beneficiary under Washington law, has the capacity to deceive, the *Bain* court held the first element of a WCPA claim to be presumptively met. *Bain*, 285 P.3d at 51; *see also Bavand v. OneWest Bank, F.S.B.*, 309 P.3d 636, 651 (Wash. Ct. App. 2013).

In their amended complaint, Plaintiffs plead a violation of the Deed of Trust Act, Wash. Rev. Code § 61.24.040(1), which requires that a party seeking to foreclose a deed of trust record a notice at least 90 days before the sale. (Dkt. No. 68 at 5.) Defendants argue that Wash. Rev. Code § 61.24.040 is supplemented by Wash. Rev. Code § 61.24.130, which they argue allows the trustee to record a notice not less than 45 days prior to the sale date after the date of the bankruptcy court's order. *See* Wash. Rev. Code. § 61.24.130(4)(a). The record before us states

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS
PAGE - 4

1   that Plaintiffs filed for Chapter 13 bankruptcy on November 18, 2009, and when a the trustee's

2   sale is stayed *as a result* of the filing of a petition in federal bankruptcy court, the trustee may

3   record a notice of trustee's sale at least 30 days before the sale. (Dkt. 10 at 20); Wash. Rev. Code

4   § 61.24.130(4). Because this supplementary provision applies in this case, Defendants did not

5   violate the DTA, and the only deceptive act or practice that Plaintiffs have pleaded would be that

6   which *Bain* presumptively found—the characterization of MERS as the beneficiary.  Therefore,

7   the characterization of MERS as the beneficiary is the only pleaded deceptive act that we are

8   considering in evaluating Plaintiffs' WCPA claim.

9

10                              **Occurring in Trade or Commerce**

11          The WCPA defines trade and commerce as including "the sale of assets or services, and

12  any commerce directly or indirectly affecting the people of the state of Washington." Wash. Rev.

13  Code § 19.86.010(2). The term "assets" includes any property including real property. Wash.

14  Rev. Code. § 19.86.010(3). The terms "trade" and "commerce" are given broad meaning by the

15  courts in order to support the legislative intent that trade and commerce be interpreted broadly.

16

17  *Hangman Ridge*, 719 P.2d at 535.

18          Under the plain language of the statute, it is clear that the trustee's sale of the property at

19  issue falls under the category of trade or commerce. MERS argues that its assignment of interest

20  to BoNY took place in Texas and therefore, is not a transaction that affects "any Washington

21  consumer" "in any way." (Dkt. No. 158 at 8.) It is wrong. This transaction, while it may have

22  occurred in Texas, substantially affects Plaintiffs in Washington, because the property at issue is

23  in Washington. (Dkt. No. 10 at 5.) The "trade or commerce" prong has been met.

24

25

26

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS
PAGE - 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

### Public Interest Impact

The Ninth Circuit remanded this case back to this Court following the *Bain* decision, which held that the public interest element was presumptively met. (Dkt. No. 116 at 2). The *Bain* court presumptively found the public interest impact element met because of "considerable" evidence that MERS is involved in an "enormous number" of mortgages. 285 P.3d at 51. Thus, this prong is met.

### Injury to Plaintiff

While Defendants dispute that Plaintiffs have suffered an injury, common sense and previous case law indicate that the loss of one's family home is a great injury. *See Meyer*, 530 B.R. 767 at 782 ("Plaintiffs have undeniably suffered a great loss" in losing their home); *Bavand*, 309 P.3d 636 at 508 (holding that when one's property has been sold, one can show an injury to property under the WCPA). This prong of the test has also been met.

### Causation

To prevail on a WCPA claim, a plaintiff must show that injury in his or her business or property was caused by a defendant's unfair or deceptive act. *Hangman Ridge*, 719 P.2d at 539. Whether an injury occurred depends on the facts of an individual case. *Bain*, 285 P.3d at 51. The causation element must be satisfied by proximate causation, "a cause in which direct sequence [unbroken by any new independent cause] produces the injury complained of and without which such injury would not have happened." *Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 170 P.3d 10, 21 (Wash. 2007) (en banc).

Plaintiffs *do not* plead sufficient facts to establish causation between Defendants' unfair or deceptive acts and their injury, and this is where their pleading fails. They simply have not pleaded sufficient plausible facts to demonstrate that Defendants, by characterizing MERS as the

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS

beneficiary, proximately caused their injury to their property. *Bain* explicitly states that "the mere fact MERS is listed on the deed of trust as a beneficiary is not itself an actionable injury"; the characterization must have somehow *caused* the injury to plaintiffs. 285 P.3d at 52. While the Court acknowledges that Plaintiffs have suffered a great loss, Judge Jones put it best when he said, "The [C]ourt can chide Defendants for abysmal customer service in a business tied intimately to its customers' financial and emotional well-being. The [C]ourt cannot, however, change the basic truth that if a homeowner cannot pay her mortgage, she will ultimately lose her home." *Singh v. Federal Nat. Mortg. Ass'n*, 2014 WL 504820 at *7 (W.D. Wash. Feb. 7, 2014).

## III.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 158) is GRANTED. Plaintiffs' WCPA claims are DISMISSED with prejudice. The Clerk is DIRECTED to close this case.

DATED this 30th day of June 2016.

John C. Coughenour
UNITED STATES DISTRICT JUDGE